**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 11-20020-01-CM |
| ABASI BAKER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On September 15, 2011, a jury found defendant guilty on seven counts of robbery in violation of 18 U.S.C. § 1951, seven counts of brandishing a firearm during and in relation to the crime of robbery and seven counts of being a felon in possession of a firearm. This matter is before the Court on Defendant's Motion For Judgment Of Acquittal Notwithstanding The Jury Verdict Or In The Alternative Granting A New Trial (Doc. #57) filed September 22, 2011. For reasons stated below and substantially the reasons stated in the Government's Response To Defendant's Motion For Judgment Of Acquittal Notwithstanding The Verdict, Or In The Alternative, Granting A New Trial (Doc. #63) filed November 29, 2011, the court overrules defendant's motion.

**Legal Standards**

In reviewing both a motion for new trial and a motion for judgment of acquittal, the court views the evidence in the light most favorable to the government. United States v. Hughes, 191 F.3d 1317, 1321 (10th Cir. 1999). The court must grant a motion for judgment of acquittal when the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). The court must uphold the jury's guilty verdict, however, if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Haber, 251 F.3d 881, 887 (10th Cir.

2001) (quoting United States v. Schlunegar, 184 F.3d 1154, 1158 (10th Cir. 1999)). "The evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt." United States v. Wood, 207 F.3d 1222, 1228 (10th Cir. 2000) (internal quotations omitted). The court considers both direct and circumstantial evidence, as well as reasonable inferences that can be drawn from that evidence. United States v. Davis, 1 F.3d 1014, 1017 (10th Cir. 1993). An inference is "reasonable" only if "logical and probabilistic reasoning" can lead to the conclusion. United States v. Jones, 44 F.3d 860, 865 (10th Cir. 1995) (citation omitted). The court does not examine the evidence in "bits and pieces," but rather evaluates the sufficiency by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986) (citation omitted).

A court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. A court should grant a motion for a new trial if, after weighing the evidence and the credibility of the witnesses, it determines that "the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred." United States v. Gabaldon, 91 F.3d 91, 93–94 (10th Cir. 1996) (quoting United States v. Evans, 42 F.3d 586, 593 (10th Cir. 1994)). But courts disfavor new trials, United States v. Gleeson, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in granting them, United States v. Sinclair, 109 F.3d 1527, 1531 (10th Cir. 1997). The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court. United States v. Stevens, 978 F.2d 565, 570 (10th Cir. 1992). The burden of proving that a new trial is warranted rests on defendant. United States v. Walters, 89 F. Supp.2d 1206, 1213 (D. Kan. 2000).

## **Analysis**

Defendant argues that no reasonable jury could have found him guilty on the charges related to six of the seven robberies. In particular, defendant claims that the government presented inaccurate and inconclusive evidence in an attempt to link him to the scene of those six robberies.

A conviction may be based solely on circumstantial evidence and reasonable inferences drawn therefrom. United States v. Sanders, 240 F.3d 1279, 1281 (10th Cir. 2001). "While the jury may draw reasonable inferences from direct or circumstantial evidence, an inference must be more than speculation and conjecture to be reasonable, and caution must be taken that the conviction not be obtained by piling inference on inference." United States v. Jones, 44 F.3d 860, 865 (10th Cir. 1995) (citations and internal quotations). The identity of a defendant need not be established by eyewitness testimony and can be inferred through circumstantial evidence. See United States v. Kwong, 14 F.3d 189, 193 (2d Cir. 1994); United States v. Capozzi, 883 F.2d 608, 617 (8th Cir. 1989), cert. denied, 495 U.S. 918 (1990); see also Simmons v. McGinnis, No. 04 Civ. 6150 PACDF, 2006 WL 3746739, at *10 (S.D.N.Y. Dec. 19, 2006) (even without direct eyewitness testimony, evidence placing petitioner near scene of the crime, in the company of other robber, and further placing petitioner in two locations where proceeds of crime were recovered by police would be sufficient to support verdict).

At trial, defense counsel suggested that the cell phone records and video tapes did not show that defendant was at the scene of the first six robberies.[1] Even so, the jury is entitled to reject a

---

[1] Defendant now argues that "the clear and convincing evidence clearly proved that the Defendant was not present at the time of six of the seven robberies." Doc. #57 at 2. At trial, defendant did not call any witnesses. And defense counsel's cross-examination of government witnesses certainly did not amount to "clear and convincing evidence" that defendant was not
(continued...)

theory consistent with innocence and accept one consistent with guilt so long as substantial evidence supports its choice. United States v. Garcia, 868 F.2d 114, 116 (4th Cir. 1989); see Wood, 207 F.3d at 1228 (evidence necessary to support a verdict need not conclusively exclude every other reasonable hypothesis and need not negate all possibilities except guilt). Substantial circumstantial evidence linked defendant to the scene of all seven robberies. In particular, cell phone records placed defendant in the vicinity of all of them. Videotapes showed that a car which matched the description of defendant's vehicle was circling the various locations before several of the robberies.[2] When officers stopped defendant and Mark Davis on March 3, 2011, defendant was driving the same vehicle and he had the same cell phone as those in the vicinity of the earlier six robberies. In plain view, officers found in defendant's vehicle a .40 caliber Glock pistol, money in a plastic grocery bag and clothing items which matched the descriptions of the clothing worn by the robber in most of the robberies. Enjoli Collier actually owned the pistol, but defendant frequently visited Collier's residence and lived there for a period of time in February of 2011. Based on witness descriptions of the weapon used in each robbery, a jury could reasonably conclude that defendant or his accomplice used the .40 caliber Glock pistol in each of the seven robberies. Moreover, in each of the robberies, the robber demanded that the employee put the money in a plastic grocery bag which was similar to the one that officers found in defendant's vehicle after the robbery on March 3, 2011. Viewing all reasonable inferences from the evidence in a light most favorable to the government, a reasonable jury could find defendant guilty on all 21 counts. Accordingly, the court overrules

---

[1](...continued)
present at the scene of the seven robberies

[2] Defendant did not own the vehicle, but he and his girlfriend, Mary Hoffmeister, had exclusive control over the vehicle.

-4-

defendant's motion for judgment of acquittal.[3] See United States v. White, 673 F.2d 299, 301 (10th Cir. 1982) (acquittal is proper only if evidence implicating defendant is nonexistent or is "so meager that no reasonable jury could find guilt beyond a reasonable doubt").

**IT IS THEREFORE ORDERED** that Defendant's Motion For Judgment Of Acquittal Notwithstanding The Jury Verdict Or In The Alternative Granting A New Trial (Doc. #57) filed September 22, 2011 be and hereby is **OVERRULED**.

Dated this 7th day of December, 2011 at Kansas City, Kansas.

        s/ Carlos Murguia
        CARLOS MURGUIA
        United States District Judge

---

[3] In the alternative, defendant seeks a new trial. The court may order a new trial when it perceives that the jury improperly weighed some or all of the evidence. See United States v. Cesareo-Ayala, 576 F.3d 1120, 1126 (10th Cir. 2009). The court has no reason to believe that the jury improperly weighed any evidence in this case. In his alternative motion for new trial, defendant relies on insufficiency of the evidence. Because the court finds that based on the evidence, a reasonable jury could find defendant guilty, the court likewise overrules defendant's motion for new trial. See id.