IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                 Case No. 11-20020

ABASI S. BAKER,

      Defendant.

## MEMORANDUM AND ORDER

This case is before the court on defendant Abasi S. Baker's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 184). Defendant was charged with twenty-one robbery and firearm counts related to seven armed robberies of various businesses around Kansas City, Kansas. After a nine day trial, a jury convicted defendant on all counts. On January 18, 2012, the court sentenced defendant to a total term of 164 years in prison. Defendant filed a direct appeal and sought reversal of his convictions, claiming that the government: (1) obtained evidence against him by illegally placing a GPS tracking device on a vehicle he drove while committing his seventh robbery on March 3, 2011, and (2) failed to prove that he used or possessed the specific firearm referenced in each of the firearms counts. On May 22, 2013, the Tenth Circuit denied relief on both issues of defendant's appeal. *United States v. Baker*, 713 F.3d 558 (10th Cir. 2013). Defendant now makes two claims of ineffective assistance of counsel. The government argues defendant's claims are without merit.

## I. Background

The Tenth Circuit outlined the facts of the case:

A series of seven armed robberies of retail stores and check-cashing businesses was carried out in the Kansas City, Kansas, area between January and March 2011. During investigation of some of the earlier robberies, surveillance-camera footage led police to believe that the robbers were using a car owned by Defendant's girlfriend. Officers placed a GPS tracking device on the car, then monitored its movements. On March 3,

2011, the GPS surveillance allowed police to link the car to a just-completed robbery in Overland Park, Kansas.  Defendant was pulled over and arrested along with an accomplice.  Cash from the robbery and a loaded .40 caliber Glock semi-automatic handgun, serial number EHN890, were taken from the car.

*Id*. at 560 (quotation and citation to the record omitted).  For purposes of this opinion, the following timeline is helpful:

- **August 6, 2010**:  the D.C. Circuit Court decided *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010), creating a three to one circuit split.

- **March 1, 2011**:  Authorities obtained for a search warrant for the GPS tracking of defendant's cell phone.

- **March 2, 2011**:  Special Agent John Hauger placed a GPS tracking device on the car defendant had been driving, which technically belonged to his girlfriend's mother.

- **June 27, 2011**:  The Supreme Court granted certiorari in *United States v. Jones*, 132 S. Ct. 945 (2012), which is the case involving the circuit split created by *Maynard*.

- **September 2011**: Defendant's trial.

- **January 23, 2012**:  The Supreme Court decided *Jones* and defendant filed his notice of appeal with the Tenth Circuit.

## II.  Legal Standard

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002).  Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail.  First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 687–88.  Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the

Case 2:11-cr-20020-CM   Document 207   Filed 06/17/15   Page 3 of 7

proceeding would have been different." *Id*. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## III. Analysis

Defendant alleges his counsel at trial, Willis Toney, was ineffective in violation of the Sixth Amendment because Toney failed to file a motion to suppress based on the government's use of a GPS device it placed on the car defendant was driving when he was apprehended. Defendant also argues Toney misread the discovery in the case, thereby misinforming him that the FBI had a "court order" to track him when it did not.

### A. Counsel's Performance

To meet the first element of ineffective assistance of counsel, defendant must prove his counsel's performance was "below an objective standard of reasonableness." *United States v. Walling*, 982 F.2d 447, 449 (10th Cir. 1992). There is, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Here, the government's response does not even address the first prong of *Strickland*. Therefore, the government inherently concedes this prong, just like it did on defendant's direct appeal. Second, on that direct appeal, the Tenth Circuit stated:

> There is no doubt that Defendant knew about the GPS monitoring soon enough to raise a timely suppression motion. His sole argument is that he did not know that there had been a violation of the Fourth Amendment because Jones was not decided until he had been sentenced. We reject the argument. Defendants need not, and often do not, await a Supreme Court precedent directly in point before raising a constitutional challenge to a search or seizure. Indeed, the very argument unpressed by Defendant had been raised in other circuits before his trial and, most notably, had prevailed in the D.C. Circuit in *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010).

-3-

*Baker*, 713 F.3d at 561.  For these two reasons, the court assumes, for purposes of this motion,

defendant's counsel, Mr. Toney, provided ineffective assistance of counsel.[1]  The remaining question,

therefore, is whether there is "a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different."  *Strickland*, 466 U.S. at 687.

### B.  Prejudice

With respect to this prong, the court ordered an evidentiary hearing, which ultimately consisted

of three hearings on January 21, 2015, March 3, 2015, and April 14, 2015.  The court wished to hear

argument and evidence as to whether the proceeding would have been different but for Toney's failure

to file a motion to suppress.  This ended up amounting to a hearing on defendant's hypothetical motion

to suppress.  The court heard testimony regarding the investigation of defendant, including the

investigative techniques employed before the GPS tracker was placed on the car in question and the

usefulness of the GPS tracker on the *vehicle* in aiding the police in eventually locating, stopping, and

arresting defendant.  Additionally, the court heard argument and evidence concerning the good-faith

exception to the warrant requirement.  The court need not elaborate further into the record it received

because, on April 1, 2015, the Tenth Circuit decided *United States v. Hohn*, No. 14-3030, 2015 WL

1452877 (10th Cir. Apr. 1, 2015).

In *Hohn*, Hohn contested the district court's denial of his motion to suppress evidence obtained

through the placement of a GPS tracking device on his truck.  Law enforcement officers had attached a

GPS device to Hohn's truck beginning on July 24, 2011.  Those officers did not obtain a search

warrant for the GPS device.  After an evidentiary hearing on Hohn's motion to suppress, the district

---

[1] The court is aware of *United States v. Drayton*, 541 F. App'x 858 (10th Cir. 2013), which held that failing to file a motion to suppress evidence derived from the placement of a GPS tracker on a defendant's car—before the Supreme Court decided *Jones*—was not "objectively unreasonable."  *Drayton*, 541 App'x at 860–861.  However, the court finds *Drayton* distinguishable, given that Drayton's motions-deadline had passed before *Maynard* was decided.  Here, in contrast, defendant's arrest took place six months **after** *Maynard* was decided and defendant's trial took place two months **after** the Supreme Court decided to hear *Jones* (*i.e*. the circuit split caused by *Maynard*).

court held that the placement of the device qualified as a warrantless search, citing *Jones*.  But the

district court also determined that, even assuming a violation of the Fourth Amendment had occurred,

the exclusionary rule did not require suppression of the evidence because the officers involved had

acted in good faith.  On appeal, Hohn contended the good-faith exception did not apply because, at the

time of the officer's conduct, there was no binding appellate precedent in this circuit from which they

could have reasonably concluded their conduct was lawful.  After assuming the warrantless use of the

GPS device was an unreasonable search under the Fourth Amendment, the Tenth Circuit held:

> The officers in this case could reasonably have relied on the Court's holdings in [*United States v. Knotts*, 460 U.S. 276, 277 (1983)] and [*United States v. Karo*, 468 U.S. 705, 708 (1984)] to conclude that their warrantless placement of the slap-on, battery-powered GPS device, and their use of the device to monitor the movements of Mr. Hohn's truck on public streets and highways, did not violate the Fourth Amendment.  Thus, the district court properly applied the good-faith exception to their conduct.  We also note that several of our sister circuits have held the good-faith exception applicable under similar circumstances.

*Id*. at *3 (citing *United States v. Holt*, 777 F.3d 1234, 1258–59 (11th Cir. 2015); *United States v.*

*Taylor*, 776 F.3d 513, 517–19 (7th Cir. 2015) (per curiam); *Katzin*, 769 F.3d at 173–77 (en banc);

*United States v. Stephens*, 764 F.3d 327, 336–39 (4th Cir. 2014); *United States v. Fisher*, 745 F.3d 200,

203–06 (6th Cir.), *cert. denied*, 135 S. Ct. 676 (2014); *United States v. Aguiar*, 737 F.3d 251, 261–62

(2d Cir. 2013), *cert. denied*, 135 S. Ct. 400 (2014); *United States v. Sparks*, 711 F.3d 58, 62–68 (1st

Cir.), *cert. denied*, 134 S. Ct. 204 (2013); *United States v. Andres*, 703 F.3d 828, 834–35 (5th Cir.

2013); *United States v. Pineda-Moreno*, 688 F.3d 1087, 1090–91 (9th Cir. 2012)).

        The facts of *Hohn* are materially indistinguishable from the facts of this case.  At the time

Agent Hauger placed the GPS device on the car defendant was driving when authorities apprehended

him, the officers were reasonably relying on Supreme Court precedent in *Karo* and *Knotts*.  The Tenth

Circuit agreed with the Third Circuit that "it is self-evident that Supreme Court decisions are binding

precedent in every circuit."  *Hohn*, 2015 WL 1452877 at *2 (quoting *United States v. Katzin*, 769 F.3d

163, 173 (3d Cir. 2014) (en banc), *cert. denied*, 2015 WL 732186 (U.S. Feb. 23, 2015) (No. 14–7818)).

Similarly, in a hearing on co-defendant Davis's motion to suppress on this precise issue, this court

found the officers acted in good faith.  As for defendant's remaining arguments, the court is

unpersuaded.[2]

In sum, the court finds defendant received ineffective assistance of counsel.  However, the

court also finds defendant was not prejudiced by his attorney's ineffectiveness because there is no

evidence that the result of the proceedings would have been different.

### C.  Certificate of Appealability

The court will issue a certificate of appealability "only if applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a

defendant must show that "reasonable jurists could debate whether . . . the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to

proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation

omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that

the issues presented merit further proceedings.  For the reasons stated above, the court finds that the

defendant has not made a substantial showing of the denial of a constitutional right.  The court declines

to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant's Petition Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence (Doc. 184) is denied.

---

[2] Defendant's argument that Agent Hauger allegedly misled the court in his post-arrest warrant applications is irrelevant because what matters is whether the officers were acting in good faith *at the time they placed the GPS device on the car* that defendant was caught driving, not the officer's ***post-arrest*** conduct.  Defendant's argument that Terra Morehead, the Assistant United States Attorney prosecuting this case, attempted to circumvent 18 U.S.C. § 3117 in authorizing the placement of the GPS tracker on a car located in Missouri is unavailing because there was nothing to circumvent.  *See United States v. Gbemisola*, 225 F.3d 753, 758 (D.C. Cir. 2000) (holding that § 3117 does not prohibit the use of a tracking device in the absence of conformity with its section nor does it bar the use of evidence acquired without a § 3117 order) ("Similarly, the legislative history of section 3117 makes clear Congress' understanding that, under the Supreme Court's decisions in [*Karo*], and [*Knotts*], warrants are not always required for either the installation or use of mobile tracking devices.").

Dated this 17th day of June, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**