# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                        Case No. 11-20020-01-JWL
                                                                   16-cv-2460-JWL

**Abasi S. Baker,**

    **Defendant.**

## MEMORANDUM & ORDER

Petitioner Abasi Baker was convicted of using or carrying a firearm during and in relation to a crime of violence or possessing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c). Recently, he received authorization from the Tenth Circuit to file a successive § 2255 petition alleging that his underlying conviction for Hobbs Act robbery qualifies as a "crime of violence" only as that phrase is defined in § 924(c)(3)'s residual clause—a clause that the Supreme Court invalidated as unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The motion is denied.

In *Davis*, the Supreme Court held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague, but the residual clause was implicated in that case because the defendant had been charged with conspiracy to commit Hobbs Act robbery. *Id*. at 2324. Here, defendant was charged with Hobbs Act robbery—not conspiracy to commit Hobbs Act robbery. The Tenth Circuit has squarely held that Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause requires the use of force and the force element in Hobbs Act robbery "can only be satisfied by violent force." *See United States v.*

*Melgar-Cabrera*, 892 F.3d 1053, 1064-65 (10th Cir. 2018). The Supreme Court reaffirmed the reasoning of *Melgar-Cabrera* in *Stokeling v. United States*, 139 S. Ct. 544 (2019); *see also United States v. Harris*, 761 Fed. Appx. 852 (10th Cir. 2019) (order denying certificate of appealability: "*Stokeling* did not overrule or call into doubt *Melgar-Cabrera*; rather, it supports it.").

Mr. Baker argues that Hobbs Act robbery is not a crime of violence because it can be accomplished by damaging property. In support of his argument, Mr. Baker relies on the Tenth Circuit's decision in *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019). *Bowen*, however, involved the relationship between 18 U.S.C. § 924(c)(3) and witness retaliation—not Hobbs Act robbery. *Id*. at 1105. Regardless, *Melgar-Cabrera* is binding precedent on this court, and, therefore, Mr. Baker has not identified a viable constitutional challenge of his sentence. Simply put, the Supreme Court's invalidation of § 924(c)(3)'s residual clause does not change Hobbs Act robbery's status as a crime of violence under Tenth Circuit precedent.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Baker's motion to vacate under 28 U.S.C. § 2255 (doc. 233) is **denied**.

**IT IS SO ORDERED.**

Dated this 25th day of March, 2020, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge